# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Bertha Steele, | : | Case No. 1:08CV1131 |
| | : | |
| Plaintiff | : | Judge Lesley Wells |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| City of Cleveland, et al., | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Defendants | : | |

On May 12, 2010 defendants filed a "Motion To Be Declared 'Prevailing Parties' And For An Award Of Reasonable Attorney Fees, Nontaxable Expenses, And Taxable Costs, And for Submission Of Evidence Of Same" (Doc. #26).  The motion seeks an award of attorney fees under 42 U.S.C. §1988 as a "prevailing party" under that statue.  It also seeks a fee award against plaintiff's counsel pursuant to 28 U.S.C. §1927.  Finally, an award of nontaxable expenses is sought pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  It is recognized in defendant's motion that in order for such awards to be made "Defendants must submit evidentiary documentation of reasonable fees and costs, together with supporting argument, after the Court determines that Defendants are prevailing parties and directs them to submit such materials. Defendants also move the Court to adopt a proposed schedule to submit evidence, further legal authority, and argument to establish the total amount of the award.[1]

---

[1] The filing of this motion should have come as no surprise to plaintiff's counsel, as she was put on notice that it would be forthcoming if the appeal to the Sixth Circuit Court of Appeals failed.

As noted in the Order of Referral to this Court entered by Judge Wells on July 7, 2010 (Doc. #28), almost two months after defendants' motion was filed, no response has been made to the motion.  In this Court's opinion such lack of opposition could be deemed tacit acquiescence in the motion, which of itself would warrant granting defendants the relief sought.

However, this Court does not believe that it is necessary to rest granting of the motion on this procedural default, as this Court finds it well taken on the merits.

While simply winning an action brought under 42 U.S.C. §1983, as was the basis of federal jurisdiction in this case, does not automatically create "prevailing party" status for the defense, it is appropriate to declare that to be so where no evidence supports the plaintiff's position or the defects in the suit are of such magnitude that the plaintiff's ultimate failure is clearly apparent from the beginning or at some significant point in the proceedings after which the plaintiff continues to litigate.  Smith v. Smythe-Cramer Company, 754 F.2d 180, 183 (6th Cir. 1085).  If it is concluded that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith, i.e., if no facts exist which support the claim presented by the plaintiff, an award under §1988 is warranted.  Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir. 1994), quoting Christianburg Garment Company v. E.E.O.C., 434 U.S. 412, 421 (1978).

It is manifest to this Court from the decision of Judge Wells granting summary judgment in favor of the defendants and the ruling of the Sixth Circuit affirming that decision that the plaintiff's case fails the foregoing standards.  The plaintiff, although given every opportunity to find and present evidence in support of the claim that the defendant officers shot and killed an unarmed man failed to do so.  All that was offered in the face of the evidence that the plaintiff's decedent was threatening the officers with a loaded weapon, while struggling to avoid arrest, was unsupported

2

speculation.  This being so, the only reasonable conclusion to be drawn is that no facts existed which

supported the claim advanced by the plaintiff, by virtue of which the defendants are entitled to be

deemed prevailing parties under 42 U.S.C. §1988.

This being so, the defendants are entitled to an award of attorney fees against the plaintiff

pursuant to §1988, and an award of nontaxable costs and expenses pursuant to Federal Rule 54 (d),

(as well as taxable costs to which they are entitled as a matter of right).

This Court does not find it necessary to address the question whether the §1988 award may

be imposed upon plaintiff's counsel, as to which there is division of authority, as this Court finds

that an award of attorney fees may, and should be, made pursuant to 28 U.S.C. §1927, which

provides:

> Any attorney. . .who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to
> personally satisfy the excess costs, expenses and attorney fees
> reasonably incurred because of such conduct.

In this Court's opinion the following excerpts from the decision of the Sixth Circuit clearly

demonstrates that plaintiff's counsel unreasonably and vexatiously multiplied this proceeding:

> Plaintiff twice moved to extend the deadline for filing her
> brief in opposition to summary judgment, first because
> plaintiff's counsel was on trial in an unrelated case, and then
> because plaintiff's counsel "ha[d] been involved in a lengthy
> deposition."  The district court granted both extensions;
> plaintiff nonetheless failed to file her brief as scheduled.  On
> November 10, 2008, plaintiff moved the court for retroactive
> leave to file her untimely brief; she attributed the unauthorized
> delay to the fact that counsel "ha[d] actively been searching for
> witnesses."
>
> On the same date, plaintiff filed a motion styled "Motion to
> Allow Depositions Pending the Court's Ruling on Defendants'
> Motion for Summary Judgment."  This motion invoked no
> particular Federal Rule of Civil Procedure and was not

3

accompanied by an affidavit.  In this filing, plaintiff made
several unsupported claims about the existence of evidence
supporting her version of the story:

> At the time of [Steele's] wrongful death, Plaintiff
> obtained statements from witnesses that indicated that
> [Steele] was unarmed and attempting to display his
> driver's license while at gunpoint.  After subsequent
> inquiry by Cleveland Police, some of the critical
> details provided were unclear and contradicted.
> Plaintiff asserts that those changes were due to undue
> pressure exerted by the Cleveland Police and its
> representatives.

> Moreover, the Coroner's Verdict, which is attached to
> Plaintiff's Brief in Opposition, provides
> uncontroverted evidence that Decedent was shot in
> excess of 12 times to his back and shoulder area, by
> multiple guns.[fn] This evidence, in and of itself, creates
> a question of fact as to the actions of the police and
> the necessity of deadly force.

> _____
> [fn]The Coroner's Verdict was *not* in fact attached to plaintiff's
> opposition brief, and, indeed, so far as we can tell, does not
> appear anywhere in the record.

> Accordingly, in order to fully provide the Court with
> all supporting statements and evidence relative to the
> issues of fact, Plaintiff seeks the Court's permission
> to schedule the depositions under oath of the
> following witnesses:

>> Tabri Baker
>> Jennifer Winborn
>> Kerry Kay Mae Bailey
>> Harvey West
>> Dalontai Pond
>> Deputy Coroner Erica Armstrong

> Pending the completion of this discovery, Plaintiff
> requests the right to supplement her Response in
> Opposition to Defendants' Motion for Summary
> Judgment.

On November 13, 2008, the district court granted plaintiff's

motion to file her belated opposition brief, and plaintiff did so that same day.  In her opposition brief, plaintiff asserted that the officers' affidavits were "inconsisten[t]. . .with [the stories of] other witnesses. . . , as well as [with] the forensics." However, plaintiff's filing contained no citations to the record—and, indeed, the record was barren of any such evidence.  Perhaps recognizing as much, plaintiff also asserted in her opposition brief that "absent discovery proceedings and specifically, the sworn testimony of eyewitnesses and the Coroner, establishing the nature and location of the injuries, any ruling on Summary Judgment is premature."

   Defendants filed their reply memorandum on December 1, 2008.  In it, they addressed plaintiff's insistence that further discovery was needed:

> Plaintiff asserts. . .that she needs further discovery. However, Plaintiff's response [to defendants' summary judgment motion] indicates that she waited over two months after the court ordered response to summary judgment deadline in order to search for witnesses.  Even with the additional time, all Plaintiff supplies in her response are mere allegations in pleadings, which is insufficient to support opposition to summary judgment.
>
> Plaintiff has yet to provide Defendants with any information within her control.  Defendants turned over the City of Cleveland investigative files as required by the Court in initial disclosures on August 15, 2008.  Plaintiff has yet to provide the same disclosures as ordered by this Court.  Despite a written request, Plaintiff did not respond nor turn over initial disclosures. . . .
>
> Plaintiff has further failed to support her request for discovery with an affidavit as required by Fed. Rule 56(f).  Plaintiff's request seeks to deny Defendants the benefits of qualified immunity (freedom from the burden of litigation) without providing this Court any evidence or affidavit indicating the specific discovery sought, the evidence Plaintiff believes will be obtained, or the basis for those beliefs. . . .

On December 3, 2008, notwithstanding defendants' objection to further discovery, the district court granted plaintiff's "Motion to Allow Depositions Pending the Court's Ruling on Defendants' 'Motion for Summary Judgment'." As far as the record reflects, however, plaintiff never actually conducted any such depositions; at minimum, she took no steps to supplement the record or her memorandum of law.

\*   \*   \*

In this case, plaintiff responded to defendants' summary judgment motion with her "Motion to Allow Depositions Pending the Court's  Ruling on Defendants' Motion for Summary Judgment."   As described above, this motion indicated that plaintiff needed time to depose six individuals "in order to fully provide the Court with all supporting statements and evidence relative to the issues of fact." Although this motion did not mention Rule 56(f)—or indeed, any other Rule of Civil Procedure—it was clearly *intended* to serve the purpose of a Rule 56(f) motion for additional discover in advance of summary judgment.

However, plaintiff's motion did not provide a supporting affidavit of any kind—let alone one "stat[ing] with '. . .precision the materials [she] hope[d] to obtain with further discovery, and exactly how [she] expect[ed] those materials would help [her] in opposing summary judgment,'" as Rule 56(f) requires.  *Summers v. Leis*, 368 F.3 881, 887 (6th Cir. 2004) (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996)).  Accordingly, the district court arguably was required to deny the motion for additional discovery outright.  *See ibid.*  ("In the absence of a sufficient [Rule 56(f)] affidavit, there is no justification for the district court's determination that a motion for summary judgment motion would be premature. . . .").[fn]

———————

[fn]Furthermore, "[b]eyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court. . .why it has not previously discovered the information."  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).  Thus, even if plaintiff *had* made her motion in the form of an affidavit, the district court would not have abused its discretion in denying additional discovery, as plaintiff made no showing why she had been unable to depose these alleged witnesses—or even obtain affidavits form them—in

6

the six months that had elapsed since the lawsuit was filed (and in the eighteen months that had elapsed since Steele's death).  "court after court has made clear that the protection that Rule 56(f) provides is not intended to shield counsel who were dilatory in conducting discovery."  *Mallory v. Noble Corr. Inst.*, 45 F.App'x 463, 469 (6th Cir. 2002).

Nevertheless, the district court granted plaintiff's motion, however styled.  Even so, during the three months between that ruling and the district court's decision on defendants' summary judgment motion, plaintiff apparently failed to conduct any of the additional discovery she had sought.  Plaintiff now argues, in effect, that the district court further erred by refusing to hold defendants' motion in abeyance until she completed—on her own unspecified schedule—the discovery to which she was not lawfully entitled in the first place.  We have clearly held, however, that a Rule 56(f) affidavit is "necessary in order to preserve the argument that the grant of summary was too hasty and precluded necessary discovery."  *Vill. of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 384 96th Cir. 2008) (internal quotation marks omitted); *see also Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) ("Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate." (quoting *Pasternak v. Lear Petruleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986)).

## B.  Defendants' Entitlement to Summary Judgment on the Merits

Because the district court did not err by declining to postpone resolution of defendants' summary judgment motion, we must consider whether defendants were entitled to summary judgment based on the record that was before the district court.  As she did below, plaintiff argues that a genuine issue of material fact precludes summary judgment because unnamed eyewitnesses claim that Steele was unarmed and forensic evidence outside the record shows that Steele was shot primarily in the back.  However, as the district court correctly noted, these bare assertions are supported by no record evidence.  Because plaintiff "has failed to carry [her] burden by adducing *evidence* refuting the detectives' account of the circumstances they confronted," no genuine issue of material fact exists.  *Chappell*, 585 F.3d at 912(emphasis added).[fn]

——————

[fn]We note, once again, that plaintiff's complaint was not verified.  *Cf. Turney v. Catholic Health Initiatives*, 35 F.Qpp'x 166, 168 (6th Cir. 2002) (noting that "a party's *verified* complaint may be considered as evidence in establishing a genuine issue of material fact" (emphasis added)).  Further, plaintiff's claim that Steele was unarmed does not appear in her complaint at all.

This recitation of the procedural aspects of the action was followed by consideration of the merits, as to which the appellate court concurred with Judge Wells that there was a total failure on the part of the plaintiff to support her claims for relief.

In this Court's opinion, it is clear from the foregoing that from the point where plaintiff's response to defendants' motion for summary judgment was due through the prosecution of the pointless appeal plaintiff's counsel is subject to sanctions under §1927.

This Court directs defendant's counsel to submit whatever documentation is relevant to the 42 U.S.C. §1988 and 28 U.S.C. §1927 awards and to the expenses pursuant to Rule 54(d) no later than July 23, 2010, and will hold a hearing with regard thereto on July 30, 2010 commencing at 1:30 p.m.[2]

**IT IS SO ORDERED**


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE:   July 12, 2010

——————————————

[2]While defendants' counsel is free to submit further legal authority at that hearing this court sees no real need to do so.